Mark S. Hilario
HILARIO LAW FIRM
2722 3rd Avenue N., Suite 400
P.O. Box 22598
Billings, Montana 59104
Telephone: 406-294-9900
Facsimile:  406-294-9901
mark.hilariolawfirm@gmail.com

Bar No. 4811

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | | |
|---|---|---|
| IN RE | ) | Bankruptcy No:  17-60284 |
| | ) | |
| BRANDON DAVID JUHNKE and | ) | |
| NICOLE DEANNE JUHNKE, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**CHAPTER 13 PLAN DATED APRIL 27, 2017**

     1.     The future earnings and other income of the Debtors are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this plan, and Debtors shall pay to the Trustee the sum of $400.00 per month for the term of 60 months, or until all of the provisions of this Plan have been completed.  Plan payments shall commence within thirty (30) days following the filing of this Plan.  The Debtors shall make payments directly to the Trustee until his wage deduction begins.

     2.     From the payments so received, the Trustee shall make disbursements as follows:

     a. ADMINISTRATIVE CLAIMS.  The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. §507(a)(2), including the Debtors' attorney fees and costs in such amount as may be allowed by the Court.  As of the date of this plan, Debtors' counsel estimates that total attorney fees and costs for representation of Debtors (excluding the fee for filing the Debtors' petition) will be as follows.

| | | |
|---|---|---|
| Estimated total attorney fees: | | $3,500.00* |
| Estimated total costs: | + | $ 500.00 |
| Total estimated attorney fees and costs: | = | $4,000.00 |
| Less retainer: | - | $1,800.00 |

TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN:    $2,200.00

* If this figure differs from the Disclosure of Compensation originally filed by the Debtor's attorney, said Disclosure must be amended simultaneously with the filing of this plan or amended plan, as provided in F.R.B.P.2016(b).

b. IMPAIRED SECURED CLAIMS. After payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. §506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

| Name of Creditor | Claim Number | Allowed Secured Claim* | Rate of Interest |
|---|---|---|---|
| SEG Federal CU | | $12,701.00 | 5% |

[*This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

c. UNIMPAIRED SECURED CLAIMS. The following secured creditors, whose claims will be left unimpaired by this plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| Name of Creditor | Claim Number | Description of Collateral |
|---|---|---|
| LOANCARE | | 510 W. Front Avenue, Joliet, MT |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| Name of Creditor | Amount of Arrearage |
|---|---|
| NONE | |

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

d. DOMESTIC SUPPORT OBLIGATIONS. After the payments provided for above, the

Trustee shall pay all allowed pre-petition domestic support obligations.  Such allowed claims for pre-petition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| Creditor | Complete Address | Claim Amount |
|---|---|---|
| NONE | | |

      e. PRIORITY CLAIMS.  After payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C.§507.

      f. GENERAL UNSECURED CLAIMS.  After the payments specified above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, non-priority claims on a pro rata basis.

      g. LIQUIDATION ANALYSIS.  The total amount distributed under paragraphs 2(e) and (f) above will be at least $1,200.00, which exceeds what would be available to pay unsecured claims if the Debtors' estate was liquidated under Chapter 7 of the Bankruptcy Code.  A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

      3. REJECTION OF CONTRACTS OR LEASES.   The Debtor reject the following executory contracts and unexpired leases, and shall surrender property to such contracts or leases.

| Type of Agreement | Date of Agreement | Other Party to Contract |
|---|---|---|
| NONE | | |

      4. SURRENDER OF PROPERTY.  The Debtors surrender any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim.  In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

| Secured Creditor | Description of Collateral |
|---|---|

      5. POST-PETITION SECURED DEBT:  The Debtor reserves the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor's performance under this Plan.

      6. REPORT OF CHANGES IN INCOME:  The Debtor shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

      7. OTHER PROVISIONS:  NONE

      8. DECLARATIONS: Under penalty of perjury, Debtor affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all post-petition payments due on all domestic support obligations have been paid through the date of the Plan.

      9. EFFECTS OF CONFIRMATION: Upon confirmation of this Plan, all issues that have been or could have been decided involving any creditors are res judicata, and Debtor reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. § 524(I). Debtors specifically reserves all rights under 11 U.S.C.§ 524(I), including the right to ensure that all post-petition mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

      10. PREVIOUS BANKRUPTCIES, AND DISCHARGE: (Check one)

_____ Debtor is not eligible for a discharge of debts because the debtors has previously received a discharge described in 11 U.S.C. § 1328(f).

XXX Under penalty of perjury, Debtors declares they have not received a discharge in a previous bankruptcy case that would cause them to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C.§1328(f).

      11. INCOME TAX REFUNDS: (Check one)

_____ Debtor projects no income tax refunds during the term of this Plan. As a result, no income tax refunds will be turned over to the Trustee.

XXX Debtors projects income tax refunds during the term of this Plan. During the applicable commitment period of the Plan, as defined in 11 U.S.C.§ 1325(b)(4), Debtors will turn over to the Trustee all net income tax refunds.

_____ Debtor projects income tax refunds during the term of this Plan, and such tax refunds are included in the Debtor's budget.

      DATED this 27TH day of April, 2017.

                                              /s/ Brandon David Juhnke
                                          BRANDON DAVID JUHNKE , Debtor

                                              /s/ Nicole Deanne Juhnke
                                          NICOLE DEANNE JUHNKE, Debtor

## CERTIFICATE OF SERVICE

      I, the undersigned, Mark S. Hilario, do hereby certify under penalty of perjury that a copy of the within and foregoing Chapter 13 Dated April 27, 2017, was sent via ECF to:

Robert Drummond, Chapter 13 Trustee  
P.O. Box 1829  
Great Falls, Montana 59403

Neal Jensen  
U.S. Bankruptcy Trustee  
P.O. Box 3509  
Great Falls, MT  59403

      I further certify that on the __27TH__ day of April, 2017, I served a true and correct copy of the foregoing Chapter 13 Plan Dated April 27, 2017, by placing a copy of the same in the U.S. mail, postage prepaid, and addressed to:

LOANCARE  
LAKEVIEW LOAN SERVICE  
VIRGINIA BEACH, VA 23450

SEG FEDERAL CREDIT UNION  
617 SE 4TH ST  
LAUREL, MT 59044

STATE OF MONTANA  
PO BOX 6169  
HELENA, MT 59604

ANESTHSIA DEPT OF MONTANA  
DEPT 0906  
DENVER, CO 80256

AT&T MOBILITY  
PO BOX 6416  
CAROL STREAM, IL 60197

BEST BUY CREDIT SERVICE  
PO BOX 78009  
PHOENIX, AZ 85062

CAPITAL ONE BANK  
PO BOX 60599  
CITY OF INDUSTRY, CA 91716

CAPITAL ONE RETAIL SERVICES  
PO BOX 60504  
CITY OF INDUSTRY, CA 91716

DISCOVER  
PO BOX 790213  
SAINT LOUIS, MO 63179

DISH NETWORK  
PO BOX 94063  
PALATINE, IL 60094-4063

LENDING CLUB  
71 STEVENSON ST  
SUITE 300  
SAN FRANCISCO, CA 94105

PAYPAL CREDIT SERVICES/SYNCH  
PO BOX 960080  
ORLANDO, FL 32896

ST VINCENT MED SUPPLY &
MOBILITY
1124 16TH ST W
SUITE 6
BILLINGS, MT 59102

/s/ Mark S. Hilario
MARK S. HILARIO

ST VINCENTS HOSPITAL
1233 N 30TH STREET
BILLINGS, MT 59101

SYNCHRONY BANK/AMAZON
PO BOX 960013
ORLANDO, FL 32896-0013

SYNCHRONY BANK/ASHLEY
PO BOX 960061
ORLANDO, FL 32896

SYNCHRONY BANK/LOWES
PO BOX 530914
ATLANTA, GA 30353

SYNCHRONY BANK/WALMART
PO BOX 530927
ATLANTA, GA 30353

TOYOTA FINANCIAL
PO BOX 5855
CAROL STREAM, IL 60197

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101

MT DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
PO BOX 7701
HELENA, MT 59604-7701

VITAL RECOVERY SVCS, LLC
PO BOX 923748
NORCROSS, GA 30010-3748